# Yancy *v.* Waddell.

*Action to recover Damages for Violation of Stock Law.*

1. *Constitutional law; when act invalid.*—Where a bill, which is
    introduced in the Legislature and passes both houses, is in-
    correctly enrolled, so as to make the enrolled bill, which was
    signed by the presiding officers of each of the houses and by
    the Governor, materially variant from the bill as originally
    introduced, such bill, as signed, is not constitutionally en-
    acted and is void.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This was a suit brought by the appellant, W. H.
Yancy, against the appellee, A. W. Waddell, to recover
three dollars' damages, alleged to have been caused by
the defendant's hogs depredating upon the plaintiff's
crop; and the suit was commenced in a justice of the
peace court. It was alleged in the complaint that the
defendant's hogs ran at large in violation of an act "en-
titled an act to create the Prigden stock law district in
Cherokee county," approved March 4, 1901.

Issue was joined on the plea of the general issue, and
upon the issue so formed the cause was tried upon an
agreed statement of facts. In the facts agreed upon, it
was recited that the defendant's hogs were permitted
to run at large contrary to the provisions of the act cre-
ating the Pridgen stock law district in Cherokee county,
and that they did so run at large and depredate upon
the crops of the plaintiff, and that said crops were
within the stock law district attempted to be created by
said act, and that the damage done by said stock was in
the amount claimed by the plaintiff.

The act, as introduced and passed by each of the houses
of the legislature, was included in the agreed statement
of facts, as was also the act which was enrolled and
signed by the Governor.

[Yancy v. Waddell.]

. Upon the agreed statement of facts the court gave to the jury the general affirmative charge in favor of the defendant. Accordingly there was judgment rendered for the defendant. From this judgment the present appeal is prosecuted; and the rendition thereof is assigned as error.

BURNETT, HOOD & MURPHREE and H. W. CARDEN, for appellant.

W. J. BOYKIN, contra.

McCLELLAN, C. J.—The alleged cause of action involved here arose, if it exists at all, under an act "To create the Prigden stock law district in Cherokee county," approved March 4, 1901. On the trial the general affirmative carge was given for the defendant on the theory that that supposed statute was not constitutionally enacted, and hence is void. The point of objection is that the bill that was introduced in the senate, passed by that body without amendment and then by the house of representatives without amendment, was materially variant in respect of the territory to be embraced in the district from the bill that was enrolled, signed by the President of the Senate and the Speaker of the House and approved by the Governor. The facts support this objection. The description of the territory dealt with in the bill as introduced,. was as follows: * * * "said district to include the following territory, * * * Commencing at the N. W. corner of Emma J. Woods' and Martha Cothran's land to the N. E. corner, thence south to the S. E. corner of J. M. Pridgen's land, thence west to the N. W. corner of J. K. Abernathy's land, thence south to the S. E. corner of Emma Woods' and Martha Cothran's land, thence west to the stock law line, and thence in a north direction to the point of beginning;" and with this description the bill, as we have seen, passed both branches of the legislature without amendment. In the enrolled bill, however, as signed by the presiding officers and approved by the Governor, the description is this: "Commencing at the N. W.

corner of Emma J. Wood's and Martha Cothran's land, thence east along the north line of E. F. Pridgen's land to N. E. corner, thence south to S. E. corner of J. M. Pridgen's land, thence west to N. W. corner of J. K. Abernathy's land, thence south to N. E. corner of Emma Wood's and Martha Cothran's land, thence west to the stock law line." It is to be noted that in the bill as passed one of the lines ran from the northwest corner of Abernathy's land to the south-east corner of Emma J. Wood's and Martha Cothran's land, while in the bill as enrolled, signed and approved, this line runs south only to the *north-east* corner of their land, the result being that a large part of the Wood-Cothran lands, embraced in the bill as passed, is omitted from the bill as enrolled, signed and approved. It is also to be noted that no west line of the proposed district is given in the bill, or act as approved. It thus plainly appears that the bill which was passed by the legislature was not the bill that was signed by the presiding officers of the respective houses and approved by the Governor, and also, of course, that the bill which was signed and approved was not passed by the legislature. The circuit court properly held that the alleged act was void, and its judgment must be affirmed.

Affirmed.